The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion concerning the policy of the State Board of Vocational Education ("Board") with regard to employees serving in certain public offices. The current policy appears to require that an employee request "Leave without Pay" or resign from his or her position upon becoming a candidate for certain elective offices or positions. Your specific question involves the enforceability of this particular aspect of the policy.[1]
The authority of the State Board of Vocational Education to administer the vocational education laws would not appear to encompass a policy precluding an employee's candidacy for elective or appointive office. It must be concluded that this aspect of the Board's policy is suspect, as extending beyond the Board's authority to administer the law and into the legislative realm. The policy may, as a result, be subject to challenge as violative of the separation of powers doctrine. See Ark. Const. Art. 4, 1 2.
It is significant to note in this regard that the General Assembly has, in certain instances, prohibited state employees' participation in political activity. See, e.g., A.C.A. 20-79-212
(as to officers or employees engaged in the administration of the rehabilitation program under the Rehabilitation Act of Arkansas; A.C.A. 20-79-201 et seq.) We have found no similar limitation with regard to persons engaged in vocational education. Nor would the Board's authority to supervise vocational education (A.C.A.6-11-106) or prescribe qualifications for employees (A.C.A.6-51-213) reasonably encompass a prohibition against one's candidacy for public office. While policies focused upon avoiding interference with one's duties during business hours may reasonably fall within the Board's supervisory and administrative authority, the current policy against an employee's candidacy for certain offices reflects no limitations in this regard. The policy appears to apply to an employee whose campaign activities would not interfere with the performance of duties and responsibilities assigned by the Board. While a determination as to the validity of such a policy remains, ultimately, with the courts, it is my opinion that the policy's enforceability must be seriously questioned.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] It should be noted that reference must be made to the federal "Hatch Act" (5 U.S.C. § 1501 et seq.) if your question pertains to individuals whose employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency. 5 U.S.C. § 1501
(4). Employees who are covered by this act may not be candidates for elective office. 5 U.S.C. § 1502(a)(3). We have not been provided any facts in this regard, and have therefore assumed that the Hatch Act is inapplicable. Enforcement of that act is the responsibility of the United States Civil Service Commission.